This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHELLE THORNE,**

Worker-Appellee,

**v.**                                                                   **No. 35,786**


**NMIMT and RISK MANAGEMENT DIVISION,**

Employer/Insurer-Appellants.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Leonard Padilla, Workers' Compensation Judge**

Dunn Law Offices
Rod Dunn
Rio Rancho, NM

for Appellee

Doughty, Alcaraz & deGraauw, P.A.
Robert M. Doughty, III
Philip B. Hunteman

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}      Employer/Insurer has appealed from an award of attorney fees. We previously issued a notice of proposed summary disposition in which we proposed to uphold the WCJ's determination. Employer/Insurer has filed a memorandum in opposition, and Worker has filed a memorandum in support. After due consideration, we adhere to our initial assessment. We therefore affirm.

{2}      The only issue on appeal concerns the application of the statutory fee-shifting provision. [DS 6; MIO 2] *See* NMSA 1978, § 52-1-54(F)(4) (2013) (providing that the worker may serve upon the employer an offer, and if the worker's offer was less than the amount ultimately awarded by the compensation order, "the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney"). Employer/Insurer does not dispute that Worker's offer of judgment is lower than the award ultimately rendered. [MIO 1-2, 5-6] Instead, Employer/Insurer asserts that Worker's offer of judgment failed to address "critical issues[,]" [MIO 2, 5] including Worker's average weekly wage, date of maximum medical improvement (MMI), and impairment rating (specifically, residual physical capacity). [MIO 4-5] In light of these alleged deficiencies, Employer/Insurer contends that the WCJ erred in shifting Worker's attorney fees. [MIO 5-10] *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶¶ 25-26, 142 N.M. 605, 168 P.3d 117 (indicating that an offer of judgment which

leaves critical issues unresolved does not supply an appropriate basis for fee shifting). We remain unpersuaded.

**{3}** As we observed in the notice of proposed summary disposition, Worker's offer of judgment unambiguously addressed all of the critical issues relating to Employer/Insurer's liability: namely, Worker's entitlement to temporary total disability (TTD), permanent partial disability (PPD), and entitlement to ongoing medical treatment. [CN 2-3; RP 191] The various sub-issues upon which Employer/Insurer focuses are all rationally subsumed within these subjects. *See generally* NMSA 1978, § 52-1-25.1(B) (2005, amended 2017) (addressing TTD benefits and MMI); NMSA 1978, §52-1-26(C) (1990, amended 2017) (providing that PPD is determined by calculating impairment as modified by various factors including residual physical capacity); § 52-1-26(D) (addressing PPD and MMI); NMSA 1978, § 52-1-41(A) (1999, amended 2015) (describing calculation of total disability benefits, as a function of average weekly wage); *and* NMSA 1978, § 52-1-42(A) (1999, amended 2015) (describing calculation of PPD benefits as a function of the total disability calculation). Accordingly, Worker's offer cannot be said to have left those matters unaddressed. We therefore remain unpersuaded that the principle for which *Leonard* has been cited is applicable to the situation presented in this case.

3

{4}     We understand Employer/Insurer to further argue that information obtained as a result of an IME (performed at Employer/Insurer's request [RP 66-67]) after Worker submitted her offer of judgment should be regarded as a "significant development" which "alter[ed] the scope of the issues presented" such that her offer of judgment should be deemed incomplete. [MIO 6-10] Once again, we disagree. The scope of the issues (*i.e.*, Worker's entitlement to TTD, PPD, and ongoing medical care) did not change after the IME. The IME merely supplemented the available information bearing upon those issues. Insofar as Employer/Insurer was at liberty to incorporate that information when submitting its own subsequent offer of judgment, [CN 3-4] we remain unpersuaded that Employer/Insurer was unfairly disadvantaged by the course of the proceedings.

{5}     Finally, in its memorandum in opposition Employer/Insurer seeks to analogize to an unreported decision. [MIO 8-9] However, that case is readily distinguishable. It addressed a scenario in which multiple offers of judgment were made. We concluded that the initial offer (upon which the appellant relied) did not supply an appropriate basis for fee shifting in part because it would have left questions surrounding the worker's entitlement to additional, post-operative scheduled injury benefits wholly unaddressed. Insofar as Worker made only one offer of judgment, and

insofar as that offer addressed all of the critical issues, a different result is warranted in this case.

{6}     In closing, we acknowledge that the information available to the parties developed over time. However, we reject Employer/Insurer's suggestion that this predictable evolution rendered Worker's offer of judgment obsolete. What is controlling, is the fact that Worker's offer of judgment addressed all of the critical issues ultimately resolved by the compensation order. If Employer/Insurer had accepted that offer, the dispute would have expeditiously concluded at terms less favorable to Worker than the award ultimately provided by the compensation order. Under these circumstances, fee shifting is appropriate. *See, e.g., Abeyta v. Bumper to Bumper Auto Salvage,* 2005-NMCA-087, ¶¶ 18-19, 137 N.M. 800, 115 P.3d 816 (observing that "the purpose of Section 52-1-54(F) [i]s to encourage settlement[,]" and holding that the WCJ did not err in shifting attorney fees where the worker submitted an unambiguous and reasonable offer which attempted to settle the case, where the employer rejected that offer, and where the final compensation order exceeded the worker's offer).

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**

_____
                    **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

6